THE STATE EX REL. WELCH, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Welch v. Indus. Comm.* (1994), 68 Ohio St.3d 212.]

(No. 92–2489—Submitted November 9, 1993—Decided February 2, 1994.)

214

*William Paul Bringman,* for appellant.

*Lee I. Fisher*, Attorney General, and *Merl H. Wayman*, Assistant Attorney General, for appellee.

---

*Per Curiam.* Claimant maintains that Dr. Curry's August 18, 1987 report mandates that permanent total disability commence as of that date. We find otherwise.

In some cases, medical evidence that is silent on the extent of the claimant's impairment could support a retroactive permanent total disability award if it documents the presence of conditions subsequently found to be disabling. In this case, however, the persuasiveness of Dr. Curry's August 18, 1987 report is undermined by the June 19, 1990 letter that followed. In it, Dr. Curry specifically said that it would be inappropriate for him to base an impairment assessment on that report. Accordingly, if the author himself believes that his report is an improper foundation on which to base an impairment assessment, the commission's decision not to rely on that report is not an abuse of discretion.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.